STEVE HAVRILLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Havrilla v. Commissioner
Docket No. 13725-91
United States Tax Court
T.C. Memo 1991-497; 1991 Tax Ct. Memo LEXIS 546; 62 T.C.M. (CCH) 919; T.C.M. (RIA) 91497; October 1, 1991, Filed *546 An appropriate order will be issued and decision will be entered for the respondent. Steve Havrilla, pro se. Mark A. Weiner, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's Motion to Dismiss For Failure to State a Claim, which includes a prayer for a penalty under section 6673. [1] This case was assigned pursuant to section 7443(b) and Rules 180, 181, and 182 by order of the Chief Judge. In a notice of deficiency, respondent determined a deficiency in income tax and additions to tax due from petitioner as follows: Taxable
Additions to Tax Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1987
$ 2,777.00
$ 694.25
$ 138.85
*
*547 The adjustments giving rise to the above deficiency and additions to tax are based upon the failure of petitioner to file a tax return and report various items of income for the subject year. Petitioner, a California resident, alleged in the petition that he is "a natural born Citizen of one of the several states of the Continental States United" and that he is "an American Citizen and resident by birthright, not living abroad, and exempt from all direct taxes not applied by the rule of apportionment, and all indirect taxes not applied by the rule of uniformity." Having so alleged, he further alleges that he did not reside within a foreign country nor within any territory of the United States and thus, "was not engaged in any activity upon which Congress has levied a tax." Petitioner makes further allegations in the petition, which are common in tax protestor petitions, regarding the method he was selected for audit, as well as the audit techniques utilized by respondent. Subsequent to the filing of respondent's motions, the Court noted that it reviewed the petition and agreed with respondent that the allegations therein are tax protestor allegations which have been repeatedly *548 rejected by this and other courts. However, petitioner was authorized to file an objection to respondent's motion or, alternatively, an amended petition in which he alleged adequate errors and facts to the merits of respondent's determinations. Petitioner then filed an Objection, in which he demanded that we strike respondent's motion which he asserts was made in bad faith, and wherein he demanded (a standard protestor maneuver) specific authorities for every statement made, while being offended by respondent's "naked assertions." Under these premises, no useful purpose would be served by affording the parties further hearing in this matter. In his motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner basis the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See ; , affd. without published opinion . Petitioner makes tax protestor arguments that have been heard by this Court on many occasions and rejected. See, e.g., , affd. ; [2] We see no reason to again refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that petitioner is not exempt from Federal income tax. See . Furthermore, this Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making his determinations. ; ; . *550 Petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax. Accordingly, he has not raised any justiciable issues, and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $ 25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. Petitioner's actions are clearly frivolous. Therefore, respondent's request for penalty under section 6673 will be granted, and we require petitioner to pay to the United States a penalty of $ 3,500. An appropriate order will be issued and decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 2,777.00↩
2. See also , which deals with most of the same allegations as are in the instant petition.↩